### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MARLA W. HUNTER,

        Plaintiff,

   v.

MARK FILIP, Acting Attorney
General, U.S. Department of
Justice,
        Defendant.

Civil No. 09-758 (NLH/KMW)

**MEMORANDUM OPINION AND
ORDER**

**APPEARANCES:**

Dennis L. Friedman, Esquire
1515 Market Street
Suite 714
Philadelphia, PA 19102-1907
*Attorney for Plaintiff*

John Andrew Ruymann, Esquire
Office of the U.S. Attorney
402 East State Street
Suite 430
Trenton, N.J. 08608
*Attorney for Defendant*

**HILLMAN, District Judge**

     This matter comes before the Court on Plaintiff Marla

Hunter's motion [Doc. No. 35] to amend findings of fact and

judgment, or in the alternative, a motion for reconsideration.

Although titled a motion to amend findings of fact and judgment,

Plaintiff's motion clearly seeks reconsideration of the Court's

April 26, 2011 Opinion and Order [Doc. Nos. 33, 34] granting

summary judgment for Defendant.  (Pl.'s Mot. to Amend Findings of Fact & J., or in the Alternative, Mot. for Recons. [Doc. No. 35-1] (hereinafter, "Pl.'s Mot. for Recons."), 1).  The Court has considered the parties submissions, and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Plaintiff's motion is denied.

I.   **BACKGROUND**

In this action, Plaintiff alleges that she was terminated from her employment with the United States Bureau of Prisons in retaliation for Plaintiff filing an Equal Employment Opportunity discrimination complaint, in violation of Title VII.[1]  (Pl.'s Compl. [Doc. No. 1] ¶¶ 26, 27, 32, 36-37.)  Plaintiff also seeks review of the administrative record which culminated in the affirmance of her termination by the Merit System Protection Board ("MSPB"), and alleges that the decision to terminate her must be set aside because it was arbitrary and capricious, procedurally flawed, and unsupported by substantial evidence. (Id. ¶ 38.)  By Opinion and Order dated April 26, 2011, the Court granted summary judgment in favor of Defendant.  Specifically,

--------

1.  At the time of her termination, Plaintiff was employed at the Federal Correctional Institution in Fort Dix, New Jersey. (Pl.'s Compl. ¶¶ 12, 14 .)  Plaintiff's Equal Employment Opportunity complaint alleged discrimination related to Plaintiff's employment at the Federal Correctional Institution in Fairton, New Jersey.  (Id. ¶¶ 26-27.)

2

the Court determined that Plaintiff failed to establish a prima facie case for retaliation under Title VII because the record was insufficient to demonstrate, as a matter of law, that there was a causal connection between Plaintiff's protected activity and her termination. (Op. [Doc. No. 33] 11-13, Apr. 26, 2011) (noting that Plaintiff was terminated from a different facility approximately five years after her original Equal Employment Opportunity complaint and that Plaintiff failed to allege any facts illustrating antagonism, animosity, or retaliatory animus).

Although the Court concluded that Plaintiff had not met her burden to establish a prima facie case for retaliation, the Court assumed for the purposes of argument that such a showing was made and went on to consider whether Defendant had articulated a legitimate, non-discriminatory reason for Plaintiff's termination.  (Id. at 13.)  The Court examined Defendant's asserted reasons for terminating Plaintiff: namely that Plaintiff was terminated based on a series of impermissible communications Plaintiff had with an inmate and his family, Plaintiff's dissemination of sensitive Bureau of Prisons information, and Plaintiff's failure to report these communications.  (Id. at 13-15.)  After noting that Plaintiff admitted her misconduct, the Court determined that Defendant articulated legitimate, non-discriminatory reasons for Plaintiff's termination.  (Id. at 15-16.)  Furthermore, the Court concluded that Plaintiff failed to

3

"set forth ample evidence, as a matter of law, to create a genuine issue of material fact as to pretext." (<u>Id.</u> at 13; <u>see also id.</u> at 17) ("given [Plaintiff's] misconduct and the reasonableness of [the termination] findings, [Plaintiff's] objections to those findings are insufficient to demonstrate a pretext sufficient to suggest retaliatory animus.")  Thus, the Court found that Defendant was entitled to summary judgment. (<u>Id.</u> at 19.)

Finally, the Court granted Defendant summary judgment on Plaintiff's non-discrimination claim seeking to set aside the Bureau of Prisons' decision regarding Plaintiff's termination. The Court determined that the decisions upholding Plaintiff's termination made by both the arbitrator and the MSPB were "reasonable and sufficiently supported by the record." (<u>Id.</u> at 23.)  After carefully considering Plaintiff's arguments, the Court concluded that "the decision to terminate was not arbitrary or capricious, achieved through improper procedures, or predicated upon either a discriminatory basis, or alternatively, a total absence of evidence." (<u>Id.</u> at 27.)  Thus, the Court found that Defendant was entitled to summary judgment on Plaintiff's non-discrimination claim and affirmed the decision of the MSPB. (<u>Id.</u>)

## II. <u>STANDARD</u>

In this district, motions for reconsideration are governed

4

by Local Civil Rule 7.1(i),[2] which provides in relevant part,

that "[a] motion for reconsideration shall be served and filed

within 14 days after the entry of the order or judgment on the

original motion by the Judge or Magistrate Judge."  L. CIV. R.

7.1(i).  Rule 7.1(i) further provides that the party moving for

reconsideration must submit a "brief setting forth concisely the

matter or controlling decisions which the party believes the

Judge or Magistrate Judge has overlooked[.]"  L. CIV. R. 7.1(i).

A motion for reconsideration under Rule 7.1(i) is "'an extremely

limited procedural vehicle,' and requests pursuant to th[is]

rule[] are to be granted 'sparingly.'"  Langan Eng'g & Envtl.

Servs., Inc. v. Greenwich Ins. Co., No. 07-2983, 2008 WL 4330048,

at *1 (D.N.J. Sept. 17, 2008) (citing P. Schoenfeld Asset Mgmt.

---

2.  While Plaintiff filed the present motion as a motion to amend
findings of fact and judgment, presumably made pursuant to
Federal Rule of Civil Procedure 59(e), the motion clearly seeks
reconsideration of the Court's April 26, 2011 Opinion and Order
granting summary judgment in favor of Defendant and is therefore
governed by Local Rule 7.1.  See Byrne v. Calastro, No. 05-CV-68,
2006 WL 2506722, at *1 (D.N.J. Aug. 28, 2006) ("Although Rule 59
allows for a judgment to be altered, there is no express
provision in the Federal Rules of Civil Procedure for a judicial
decision to be reconsidered.  However, in this District, Local
Rule 7.1([i]) creates a specific procedure by which a party may,
within [14] days of the entry of an order, ask either a District
Judge, or a Magistrate Judge, to take a second look at any
decision 'upon showing that dispositive factual matters or
controlling decisions of law were overlooked by the court in
reaching its prior decision.'  Consequently, Local Rule 7.1([i])
of the Local Rules of Civil Procedure, rather than Rule 59 of the
Federal Rules of Civil Procedure, governs motions for
reconsideration filed in the District of New Jersey.") (citing
United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345
(D.N.J. 1999)) (additional internal citations omitted).

LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992)).

The purpose of a motion for reconsideration "'is to correct manifest errors of law or fact or to present newly discovered evidence.'"  Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). In seeking reconsideration, the moving party bears a heavy burden and the motion can only be granted if the party "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Id.

However, reconsideration is not appropriate where the motion only raises a party's disagreement with the Court's initial decision.  Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); see also Schiano v. MBNA Corp., No. 05-CV-1771, 2006 WL 3831225, *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, ..., and should be dealt with through the normal appellate process[.]") (citations omitted); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for

6

[reconsideration]."). Accordingly, "courts in this District routinely deny motions for reconsideration that simply re-argue the original motion." Altana Pharma AG v. Teva Pharm. USA, Inc., No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009).

III. **ANALYSIS**

In the present motion, Plaintiff argues that reconsideration is necessary "to correct a clear error of law and fact and to prevent manifest injustice." (Pl.'s Mot. for Recons. 1.) Specifically, Plaintiff asserts that reconsideration of the Court's April 26, 2011 Opinion and Order is warranted on the following grounds: (1) the Court "essentially adopted [D]efendant's factual assertions and analysis without considering material, factual assertions made by" Plaintiff; (2) the Court "failed to view the facts in the light most favorable to [Plaintiff] and to draw all reasonable inferences from those facts in [Plaintiff's] favor"; (3) in weighing the facts, the Court "totally ignored material evidence proffered by [Plaintiff]" and inferences from such evidence; (4) the Court "wholly embraced and adopted the factual allegations of ... the terminating official, as true and not subject to credibility assessments by a fact-finder"; and (5) the Court "impermissibly determined that the factual allegations of [the terminating official] standing alone and unsupported by independent evidence from disinterested sources, constituted facts not in genuine

7

dispute."   (Id. at 1-2.)

Plaintiff further contends that the Court made several errors in the April 26, 2011 Opinion, including: (1) "inject[ing] [its] own personal opinions and ... engag[ing] in overreaching" by assessing evidence and making credibility determinations; (2) failing to reference whether any evidence presented a triable issue of fact; (3) failing to address conflicting evidence; and (4) failing to address issues of fact not in dispute.   (Id. at 3.)   Plaintiff contends that the Court simply "relied on [the] opinion evidence from the [terminating official] whose motivation was the prime issue in the case."   (Id.)   Plaintiff also argues that the Court "applied the wrong standard for analyzing summary judgment."   (Id. at 4.)

In opposition, Defendant argues that Plaintiff's motion for reconsideration should be denied on the basis that it is untimely by fourteen (14) days.   (Mem. in Supp. of Def.'s Opp'n to Pl.'s Mot. for Recons. [Doc. No. 36] (hereinafter, "Def.'s Opp'n"), 6.) Defendant notes that Plaintiff filed her motion for reconsideration on May 24, 2011, twenty-eight (28) days after the Court entered summary judgment in favor of Defendant.   (Id.) Thus, Defendant argues the motion for reconsideration can be denied on that basis alone.   (Id. at 5-6.)   Furthermore, Defendant asserts that Plaintiff's motion does not meet the standard for reconsideration under Local Rule 7.1(i) and should

be denied because it "amount[s] to nothing more than disagreement with the Court's decision." (Id. at 6.)  Finally, Defendant argues that Plaintiff's motion fails to "establish that the Court overlooked any fact or legal issue that would alter the Court's decision." (Id.)  Defendant contends that Plaintiff's motion for reconsideration should be denied because the Court "considered all of the arguments and facts presented by the parties, correctly decided [the] Motion for Summary Judgment in accordance with well settled precedents and did not overlook dispositive fact or law." (Id. 6-7.)

In reply, Plaintiff argues that Defendant's opposition lacks substance and is "devoid of any discussion of the specific factual allegations raised by [P]laintiff." (Pl.'s Reply [Doc. No. 37] 1.)  Thus, Plaintiff argues that Defendant "has admitted that [P]laintiff ... identified numerous factual disputes that the Court simply did not address." (Id.)  The remainder of Plaintiff's reply continues to allege generally that the Court failed, among other things, to draw reasonable inferences in favor of Plaintiff, to conduct a rigorous analysis of Defendant's statement of material facts not in dispute, and to address Plaintiff's challenges to those "facts." (Id. at 2.)

Initially, the Court notes that Plaintiff's motion was filed on May 24, 2011, twenty-eight (28) days after the Court entered the April 26, 2011 Opinion and Order granting summary judgment.

Thus, Plaintiff's motion for reconsideration is untimely and
could be denied on that basis alone.  See, e.g., Oriakhi v.
Bureau of Prisons, No. 07-264, 2009 WL 1874199, at *3 (D.N.J.
June 29, 2009) ("An untimely filed motion for reconsideration
'may be denied for that reason alone.'") (citing Morris v.
Siemens Components, Inc., 938 F. Supp. 277, 278 (D.N.J. 1996));
Garrison v. Porch, No. 04-1114, 2008 WL 1744730, at *2 (D.N.J.,
Apr. 11, 2008) ("[A] district court may deny a motion for
reconsideration simply because it was filed beyond the [14] days
provided by Rule 7.1(i).") (citing U.S. ex rel. Malloy v.
Telephonics Corp., 68 F. App'x 270, 274 n.6 (3d Cir. 2003)).

　　　Although Plaintiff's motion is untimely, the Court does not
deny the motion on that basis, and will consider whether
Plaintiff has meet the standard for reconsideration.  Plaintiff
does not assert that reconsideration is warranted because of an
intervening change in the controlling law or the availability of
new evidence which was not available when the Court granted
summary judgment.  In this case, Plaintiff relies solely on the
argument that reconsideration is necessary to "correct a clear
error of law and fact and to prevent manifest injustice."  (Pl.'s
Mot. for Recons. 1.)  Accordingly, Plaintiff's present motion
reiterates the entirety of her original sixty-eight (68)
paragraph revised, amended counter-statement of material facts
submitted in opposition to Defendant's motion for summary

judgment.  (Compare Pl.'s Mot. for Recons. 6-16, with Pl.'s
Revised Am. Counter-Statement of Material Facts [Doc. No. 31] 1-
14.)  Plaintiff sets forth in bold approximately thirty-one (31)
of these paragraphs which Plaintiff contends are factual
allegations that the Court failed to include in its summary
judgment analysis.  (Pl.'s Mot. for Recons. 6-16.)  However,
Plaintiff's motion does not provide a sufficient explanation of
how these factual allegations were allegedly overlooked by the
Court or how they would have altered the Court's analysis.
Moreover, having reviewed these specific factual allegations
again, the Court finds that these allegations were fully
considered in the Court's April 26, 2011 Opinion.

Accordingly, the Court finds that Plaintiff's motion fails
to set "forth concisely the matter or controlling decisions
which" Plaintiff believes the Court overlooked.  See L. CIV. R.
7.1(i).  It is clear that the present motion for reconsideration
simply represents Plaintiff's disagreement with the Court's
initial decision and constitutes an attempt to re-argue the same
exact factual allegations considered on summary judgment.
Plaintiff's disagreement alone is insufficient to establish that
the Court overlooked relevant facts or controlling law in
granting summary judgment for Defendant.  See Schiano, 2006 WL
3831225, *2 ("Mere disagreement with the Court will not suffice
to show that the Court overlooked relevant facts or controlling

11

law, ..., and should be dealt with through the normal appellate process[.]") (citations omitted).  Furthermore, denial of Plaintiff's motion for reconsideration is appropriate given that the motion simply re-argues the same contentions asserted by Plaintiff in opposition to Defendant's original motion for summary judgment.  See Altana Pharma AG, 2009 WL 5818836, at *1.  In light of the recognition in this District that a motion for reconsideration is "an extremely limited procedural vehicle" and that such requests should be granted "sparingly", the Court finds that Plaintiff fails to meet the standard for reconsideration, and the motion for reconsideration must be denied.  See Langan, 2008 WL 4330048, at *1.

Accordingly,

IT IS on this   15th   day of   December   , 2011, hereby

**ORDERED** that Plaintiff's motion [Doc. No. 35] is **DENIED**.


                                    /s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

12